RECEIVED
2019 JUN 20 AM 8:34
CYNTHIA P. MORRISON
CIRCUIT COURT CLERK

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF PORTSMOUTH

| | |
|---|---|
| Alverina Brown a/k/a Alverina Lopez ) <br> 3737 Lilac Drive ) <br> Portsmouth, VA 23703 ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> Wells Fargo Bank, N.A. ) <br> R/A Corporation Service Company ) <br> 100 Shockoe Slip Fl. 2 ) <br> Richmond, VA 23219 ) <br> ) <br> And ) <br> ) <br> Samuel I. White, P.C. ) <br> R/A William Adam White ) <br> 5040 Corporate Woods Dr Suite 120 ) <br> Virginia Beach, VA 23462 ) <br> ) <br> *Defendants.* ) | COMPLAINT <br><br> Case No. CL19-2612 |

**Bill of Complaint and Request for Declaratory Judgment**

To the Honorable Judge of Said Court:

Pursuant to Virginia Law, Plaintiff, Alverina Brown a/k/a Alverina Lopez ("Plaintiff") files this Complaint and states upon information and beliefs as follows:

**I. Parties**

1. Plaintiff Alvernia Brown a/k/a Alverina Lopez ("Plaintiff") is a natural person who resides in the Commonwealth of Virginia at 3737 Lilac Drive ("the property") in the city of Portsmouth.

2. Wells Fargo Home Mortgage ("Wells Fargo"), is a for profit business entity doing business in the Commonwealth of Virginia.

EXHIBIT A

3. Samuel I. White, P.C. ("Substitute Trustee"), as substitute trustee, is a for profit business entity doing business in the Commonwealth of Virginia.

**II. Facts**

4. Plaintiff owns a tract of land in the City of Portsmouth which is described as follows:

   Being known, numbered and designated as lot 43, as shown on that certain plat entitled "Subdivision plat of Siesta Gardens north for Hudgins organization", which said plat is duly recorded in the Clerk's Office of the Circuit Court of the city of Portsmouth, Virginia, in map book 14, at pages 35 and 36.

5. Plaintiff entered into a mortgage loan contract ("loan") in 1997 in which Plaintiff was the borrower. The loan was evidenced by a note ("Note") and secured by a deed of trust ("Deed of Trust"), both of which were valid contracts signed by the Plaintiff.

6. Paragraph 14 of the Deed of Trust sets forth the following:

   *"This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located."*

7. The Deed of Trust also requires the lender to comply with Federal Housing Administration ("FHA") regulations prior to foreclosure proceedings being instituted.

8. Paragraph 9(d) of the Deed of Trust sets forth the following concerning the Secretary of Housing and Urban Development:

   *"In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by the regulations of the Secretary."*

9. Defendant Wells Fargo never requested a "face to face" meeting with Plaintiff or Plaintiff's POA, which is required by FHA guidelines if the bank has a branch within 200 miles of the property. Wells Fargo has at least five branch locations in Portsmouth, VA, where the subject property is located.

10. Plaintiff has suffered from severe medical and psychological issues for many years, at times rendering her mentally incompetent. She fell behind on her mortgage loan payments in June 2018 after being admitted to the hospital for her medical issues. During this time, Plaintiff was unable to contact Defendant Wells Fargo to make payments on her loan.

11. After her release from the hospital, Plaintiff made payments and began submitting documents for a loan modification.

12. Plaintiff submitted documents with the assistance of her daughter, Colonda Brown, and Vanessa Edwards, with whom Plaintiff executed a valid and binding Power of Attorney ("POA") appointing Vanessa Edwards as her attorney-in-fact. (Exhibit "A").

13. Plaintiff was approved for a loan modification, effective January 7, 2019, with the first payment due on March 1, 2019.

14. However, due to Plaintiff's severe medical issues and ongoing medical treatment requiring hospitalizations, she was unaware she was approved for a loan modification.

15. Colanda Brown and Plaintiff's POA became aware of the approved loan modification in March 2019 following Plaintiff's readmission to the hospital and treatment in the Intensive Care Unit. Plaintiff has remained in the hospital following her most recent readmission in March.

16. Plaintiff's POA began contacting Defendant Wells Fargo to gain access to Plaintiff's loan information in order to make a payment as soon as she became aware of the approved loan modification but Defendant Wells Fargo refused to speak with her.

17. Plaintiff's POA called Defendant Wells Fargo on an almost daily basis and provided all the documents requested to add her as POA on Plaintiffs mortgage account but Wells Fargo continually refused to speak with her.

18. Plaintiff's POA was in constant contact with Defendant Wells Fargo and expressed how much Plaintiff wanted to keep her home. She complied with Defendant Wells Fargo's every request including POA documentation and proof that Plaintiff would be hospitalized indefinitely. Plaintiff's POA and Colanda Brown even went to a Wells Fargo location to upload documents.

19. Despite Plaintiff's POA providing all of the requested documentation, Wells Fargo continued to refuse to release any information to her concerning Plaintiffs mortgage loan account.

20. Plaintiff, by and through her POA, were ready, willing, and able to reinstate the loan but Defendant Wells Fargo refused to provide the reinstatement numbers.

21. Substitute Trustee foreclosed on the property on April 17, 2019.

22. Following the Foreclosure sale, a representative of Defendant Wells Fargo acknowledged their mistake and told them they were in the process of trying to rescind the sale but this was never accomplished.

23. Plaintiff had a substantial amount of equity in her home when Defendant Wells Fargo and Defendant Substitute Trustee foreclosed upon it, divesting her of not only her home but the asset of approximately $193,149.96 in equity.

Plaintiff alleges:

## III. Claims

### A. Defendant Wells Fargo Breached the Contract with Plaintiffs because Defendant Wells Fargo Did Not Conduct a "Face-to-Face" Interview as Required by the National Housing Act

Incorporating Previous Paragraphs:

24. The Note and Deed of Trust are valid binding contracts. Under Virginia law, federal regulations governing the foreclosure process are part of the mortgage contract. Virginia law recognizes that a Note and Deed of Trust constitute a legally enforceable contract, which imposes obligations on the lender and the borrower. *Mathews v. PHH Mortg. Corp.*, 283 Va. 723 (2012). These obligations include specific conditions precedent to foreclosure that the servicing institution must comply with to validly foreclose, including notice requirements in the Deed of Trust and federal requirements prior to foreclosure.

25. The Plaintiffs loan is an FHA loan. The deed of trust incorporates into its terms a requirement of compliance with FHA regulations that supersede lender rights. Failure to comply with FHA guidelines is therefore a breach of contract.

26. The National Housing Act requires Defendant Wells Fargo to conduct a "face-to-face" interview with the mortgagor or make a reasonable effort to arrange such a meeting within 30 days before the commencement of foreclosure proceedings.

27. There was no face-to-face meeting between Plaintiff and Defendant Wells Fargo and there were no reasonable attempts made in order to arrange such meeting.

28. Defendant Wells Fargo is required to comply with all applicable laws as a condition precedent to the foreclosure sale and failure to do so makes the sale void or voidable.

29. A lender must comply with all conditions precedent to foreclosure in a Deed of Trust even if the borrowers are in arrears.

30. By failing to comply with the specific condition precedent under the Deed of Trust, prior to the notice of foreclosure sale by the trustee, Defendant Wells Fargo had not acquired the right to accelerate payment under the terms of the Deed of Trust and foreclose on the property. By proceeding with foreclosure, Defendant Wells Fargo was in breach of the contract.

### B. Defendant's Breached the Deed of Trust Contract by Failing to Provide Notice as Required Under the Deed of Trust.

Incorporating Previous Paragraphs:

31. The Note and Deed of Trust are valid binding contracts. Under Virginia law, federal regulations governing the foreclosure process are part of the mortgage contract. Virginia law recognizes that a Note and Deed of Trust constitute a legally enforceable contract, which imposes obligations on the lender and the borrower. *Mathews v. PHH Mortg. Corp.*, 283 Va. 723 (2012). These obligations include specific conditions precedent to foreclosure that the servicing institution must comply with to validly foreclose, including notice requirements in the Deed of Trust and federal requirements prior to foreclosure.

32. Plaintiff never received notice alerting her to the sale of her property required under the Deed of Trust.

33. Because of this breach, Plaintiff's property was sold at a foreclosure auction on April 17, 2019.

34. Due to the Defendants' breach of the notice requirements under the Deed of Trust, the foreclosure sale was either void or voidable, requiring Wells Fargo to put Plaintiff in the position she was in prior to its breach.

35. Defendants' breach of the Deed of Trust caused Plaintiff damage in loss of title to her property, as well as damages for defending her right to title against the holders of the Trustee deed.

### C. Breach of Contract for Violations of Real Estate Settlement Procedures Act

Incorporating Previous Paragraphs:

36. The Promissory Note and the Deed of Trust are an enforceable contract that confers contingent power to foreclose to the Trustee.

37. The Note and Deed of Trust are valid binding contracts. Under Virginia law, federal regulations governing the foreclosure process are part of the mortgage contract. Virginia law recognizes that a Note and Deed of Trust constitute a legally enforceable contract, which imposes obligations on the lender and the borrower. *Mathews v. PHH Mortg. Corp.*, 283 Va. 723 (2012). These obligations include specific conditions precedent to foreclosure that the servicing institution must comply with to validly foreclose, including notice requirements in the Deed of Trust and federal requirements prior to foreclosure.

38. Virginia law has long recognized that rights and responsibilities embodied in a regulation may be incorporated and made a term of a Deed of Trust by reference even when the regulation itself does not provide for a private right of action. *Wilkins v. Wells Fargo Bank*, 2:15cv566, (E.D. Va. Nov. 15, 2016) *quoting Squire v. Va. Housing Dev. Auth*, 287 Va 507, 516-517 (2014).

39. Defendant Wells Fargo failed to comply with specific RESPA regulations as outlined herein and therefore, did not have the ability to accelerate the loan and refer it to foreclosure.

40. Defendant Wells Fargo's referral of the loan to foreclosure before conditions precedent occurred, namely Defendant's compliance with RESPA regulations, is a breach of the Deed of Trust contract.

41. Defendant Wells Fargo breached the Deed of Trust by violating 12 CFR§ 1024.40 by not responding to the POA's inquiries, not providing requested documentation, and not providing information about the account. Defendant Wells Fargo's actions prevented Plaintiff from being able to resolve the loan modification, make payments, obtain reinstatement quotes, and most importantly, reinstate the loan. This caused Plaintiff to lose over $190,000 in equity in her home.

42. Plaintiff's incurred significant legal fees due to Wells Fargo's breach of contract.

### D. Clogging the Equity of Redemption

Incorporating Previous Paragraphs:

43. Despite Plaintiff's POA's requests, Defendant Wells Fargo would not add Vanessa Edwards to Plaintiff's mortgage loan account even though she is a duly appointed POA, recognized under the laws of the Commonwealth of Virginia.

44. Because of Defendant Wells Fargo's actions, Plaintiff was not able to access her mortgage loan account to complete her loan modification.

45. These actions by Defendant Wells Fargo resulted in a clog on Plaintiff's equity of redemption.

46. Plaintiff has been damaged by loss of title to her Property.

### E. Defendant Wells Fargo and Defendant Substitute Trustee are in Breach of Contract for Selling Plaintiff's Home for a Grossly Inadequate Price.

Incorporating Previous Paragraphs:

47. The relationship between the Plaintiff and the Defendant Substitute Trustee is rooted in a contract evidenced by the Deed of Trust. Defendant Substitute Trustee breached its fiduciary and contractual duty to the Plaintiff by selling the property for a value so low that it "shocks the conscious."

48. Plaintiff's principal balance on her mortgage is $72,637.04. Her home was sold at a foreclosure sale for $153,100.00. The estimated value of Plaintiff's home is $265,787.00.

49. When Plaintiff's home was sold at the foreclosure auction, she had approximately $193,149.96 in equity in the property. The amount of equity in her property continues to accrue daily.

50. Defendant Wells Fargo knew about the substantial amount of equity in the property and still referred the home to foreclosure despite the fact that they were well protected due to the amount of equity in the property.

51. Defendant Substitute Trustee breached its fiduciary duty to Plaintiff when they sold the property without considering the substantial amount of equity Plaintiff had accumulated in the property.

52. *Crosby v. ALG Trustee, LLC,* 822 S.E.2d 185 (Va. 2018) established that the duty of impartiality is an implied term of the Deed of Trust. The Court found that the foreclosure sale at issue "…overwhelmingly benefited the creditor at the debtor's expense and there was a significant discrepancy between the sales price and the value of the property." Id. At 191. The Court went on to recognize that "So important is the requirement of impartiality that this Court has expressly recognized that a trustee's failure to remain impartial by selling the property at a price that is "so grossly inadequate as to shock the conscious" will "raise the presumption of fraud." Id. At 190. (quoting *Cromer v. De Jarnette*, 188 Va. 680, 686 (1949)).

53. Plaintiff's home was sold in foreclosure at a price that was grossly inadequate and shocks the conscious.

54. These actions by Defendant Wells Fargo and Substitute Trustee resulted in Plaintiff losing the equity she had accumulated in her home over a span of more than 20 years.

## VI. Rescission of Sale

Incorporating Previous Paragraphs:

55. A rescission of the foreclosure sale would return the Plaintiff to the position she was in before the improperly held foreclosure sale was conducted by Defendants.

56. A rescission is a feasible, practicable, and an effective way to vindicate the Plaintiff.

57. A rescission is proper in this instance as the property is special and unique requiring the specific performance of an equitable rescission.

58. Defendant Substitute Trustee knowingly and willfully foreclosed on the Plaintiff without completing their due diligence to verify the status of the debt owed.

59. Without a rescission, Plaintiff will suffer serious and permanent harm to her financial condition. This hardship substantially outweighs Defendants' costs of rescinding the improperly held foreclosure sale.

## IV. Plaintiffs are Entitled to an Award of Attorney's Fees and Costs.

Incorporating Previous Paragraphs:

60. In light of the forgoing, Plaintiff requests the Court award them reasonable attorney's fees and costs. In Virginia, a Court can award attorney fees based on contract. The Deed of Trust is a contract with an applicable law provision.

61. One applicable law is 12 U.S.C. § 2605(f)(3) which allows "…in the case of any successful action under this section, the costs of the action, together with attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances."

62. Defendants violated 12 U.S.C. § 2605(k)(1)(E) which states, "A servicer of a federally related mortgage shall not fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter."

63. Defendant Wells Fargo violated 12 CFR§ 1024.40, an obligation found by the Bureau of Consumer Financial Protection. Due to Defendants violation, Plaintiff incurred significant legal fees trying to remedy Wells Fargo's breach of contract.

WHEREFORE, your Plaintiff prays that the Court ORDER Defendants and each of them, their servants, agents, employees or other parties acting on their behalf to RESCIND the foreclosure sale of the instant property, and DECLARE that the foreclosure sale which occurred on April 17, 2019 be VOID and INVALID.

Plaintiff also prays that the court ORDER a STAY of the unlawful detainer proceedings currently ongoing in the General District Court for the City of Chesapeake until this complaint can be answered and the claims adjudicated.

Further, Plaintiff requests compensatory damages against Defendant Wells Fargo and Substitute Trustee in the amount of TWO HUNDRED SIXTY FIVE THOUSAND EIGHT HUNDRED DOLLARS AND ZERO CENTS ($265,800.00)

Respectfully Submitted,

**Alverina Brown a/k/a Alverina Lopez**

Of Counsel:

*/s/ Michelle A. Paul*
Michelle A. Paul VSB#82508
Heath J. Thompson VSB#66748
Counsel for Plaintiffs
Heath J. Thompson, P.C.
4224 Holland Road Suite 108
Virginia Beach, VA 23452
757-480-0060 (o)
757-257-0088 (f)
michelle@heaththompson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of June, 2019 I caused the foregoing Complaint to be served via personal service and Sheriff's Service on:

Wells Fargo Bank, N.A.
R/A Corporation Service Company
100 Shockoe Slip Fl. 2
Richmond, VA 23219

And

Samuel I. White, P.C.
R/A William Adam White
5040 Corporate Woods Dr Suite 120
Virginia Beach, VA 23462

*Michelle Paul*
Michelle A. Paul VSB#82508
Heath J. Thompson VSB#66748
Counsel for Plaintiffs
Heath J. Thompson, P.C.
4224 Holland Road Suite 108
Virginia Beach, VA 23452
757-480-0060 (o)
757-257-0088 (f)
michelle@heaththompson.com

EXHIBIT A