IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SEP 2 4 2019

ALVERINA BROWN,

    **Plaintiff,**

v.                                                                                                                              **CIVIL ACTION NO. 2:19-cv-399**

WELLS FARGO BANK N.A.,

and

SAMUEL I. WHITE, P.C.,

    **Defendants.**

*MEMORANDUM OPINION AND ORDER*

Before the Court are Alverina Brown's ("Plaintiff") Motion to Remand and Wells Fargo and Samuel I. White's ("Defendants") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, this case is **REMANDED** to the Circuit Court for the City of Portsmouth, Virginia because this Court lacks subject matter jurisdiction. Defendants' Motion to Dismiss is **MOOT**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On June 20, 2019, Plaintiff filed her Complaint in the Circuit Court for the City of Portsmouth, Virginia. ECF No. 1-1. Defendants were served with process on July 9, 2019. ECF No. 1 at ¶ 3. The Complaint alleges five claims against the Defendants related to the foreclosure and subsequent sale of the property located at 3737 Lilac Drive, Portsmouth, Virginia, 23703. *Id.* Specifically, the Complaint alleges two breach of contract claims based on noncompliance with federal law, along with two other breach of contract claims, and a claim that the Defendants clogged the Plaintiff's equity of redemption, all of which the Plaintiff contends arise under

1

Virginia contract law. *Id.* On July 30, 2019, Defendants filed a Notice of Removal to federal court pursuant to 28 U.S.C. § 1446, arguing that the Complaint's references to federal law are sufficient to implicate federal question jurisdiction. ECF Nos. 1, 4. On August 19, 2019, Plaintiff filed a Motion to Remand and an accompanying Memorandum in Support. ECF Nos. 9, 10. Defendants also filed Motions to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) on August 6, 2019. ECF Nos. 6–8. Defendant Wells Fargo's Motion to Dismiss was amended on September 9, 2019. ECF No. 25.

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and may not exercise jurisdiction absent a statutory basis. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A defendant may remove any action from state court to federal court in which the federal court has jurisdiction. *See* 28 U.S.C. § 1441(a), (b). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A motion to remand may be submitted after removal of a case from state court, but the motion must be filed within thirty days of removal, unless the defect asserted is subject matter jurisdiction. 28 U.S.C. § 1447. On a motion to remand, the burden of establishing federal subject matter jurisdiction remains with the party seeking removal to the federal forum. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

Unless a matter involves an area over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal

question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331 ("federal question jurisdiction"), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction").

The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction. *Columbia Gas Transmission Corp. v. Drain*, 191 F.3d 552, 557 (4th Cir. 1999) (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986). For federal question jurisdiction to exist, the resolution of the plaintiff's claim must necessarily depend on the resolution of a substantial question of federal law. *Columbia Gas*, 191 F.3d at 557. Moreover, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held that removal jurisdiction is to be strictly construed in light of federalism concerns. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Therefore, if federal jurisdiction is doubtful, the case should be remanded. *See Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

### III. DISCUSSION

There is a dispute between the parties about whether this Court has subject matter jurisdiction over the instant case. The Defendants do not allege that this Court has diversity jurisdiction. Instead, the parties disagree on whether federal question jurisdiction exists, pursuant to 28 U.S.C. § 1331. In their notice of removal, Defendants argue that because Plaintiff's Complaint alleges a breach of contract due to noncompliance with federal law and seeks attorney's fees under a federal statute, there is federal question jurisdiction. ECF No. 1 at ¶¶ 9–19. In response, Plaintiff contends there is no federal question jurisdiction because her claims rely on state law contract theories. ECF No. 10 at 2–4. After examining the filings of the parties,

the Court has determined that the relevant question is whether this dispute requires the resolution of a substantial question of federal law.

After close inspection, none of grounds for federal question jurisdiction Defendants raise require the resolution of a substantial question of federal law. In support of their Notice of Removal, the Defendants list the grounds for federal jurisdiction in ECF No. 1 at ¶¶ 9–19. Specifically, Defendants point to references to federal law in Plaintiff's Complaint (ECF No. 1 at ¶¶ 8, 9, 12–18), the deficiencies of Plaintiff's Complaint (*Id.* at ¶¶ 11, 14), and the contention that the allegations in Plaintiff's Complaint will require the interpretation of federal law (*Id.* at ¶¶ 14, 15, 17, 18). Even assuming the federal law at issue in the Complaint are incorporated into the Deed of Trust, the Defendants' compliance with the federal law listed in the Notice of Removal rests on factual disputes, rather than interpretative questions of federal law which implicate federal question jurisdiction. For instance, the question of whether the regulations of 12 C.F.R. § 1024.40 were in existence at the time the Deed of Trust was executed is a factual issue about when the regulations were promulgated, not an interpretive question of whether those regulations were violated. *See id.* at ¶ 13. Further, the question of whether Defendants were required to conduct a face-to-face interview with Plaintiff prior to foreclosure requires a factual inquiry into whether the exceptions of 24 C.F.R. § 203.604(c)–(d) apply to the instant case, not a complex interpretation of the aforementioned regulations that would implicate federal question jurisdiction. *See id.* at ¶ 15.

The Defendants remaining contentions supporting federal question jurisdiction rely on the sufficiency of the Plaintiff's Complaint. *See id.* at ¶¶ 11, 14. The state court in which the instant case was originally filed is capable of evaluating the sufficiency of the Plaintiff's Complaint, particularly as it relates to the Plaintiff's state law claims that Defendants view as

insufficiently plead. *See id.* at 14. Moreover, Plaintiff's haphazard request for attorney's fees based on references to federal statutes does not automatically implicate federal question jurisdiction. *See* ECF No. 1-1 at ¶¶ 61–63. Though it is unclear on the face of the Complaint how these statutory references relate to the rest of the allegations, this lack of clarity does not automatically confer federal question jurisdiction over the entire dispute. In sum, this Court views the issue of federal question jurisdiction as a series of factual disputes and the sufficiency of the Plaintiff's Complaint, rather than a dispute over the proper application of federal law. The Court finds that the Circuit Court for the City of Portsmouth, Virginia may evaluate the sufficiency of Plaintiff's Complaint and resolve the factual disputes between the parties. Therefore, no substantial question of federal law exists and this Court lacks subject matter jurisdiction over this case.

## IV. CONCLUSION

For the reasons stated above, this Court lacks subject matter jurisdiction. This matter is hereby **REMANDED** to the Circuit Court for the City of Portsmouth, Virginia and Defendants' Motion to Dismiss is now **MOOT**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 23, 2019

Raymond A. Jackson
United States District Judge